UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **Bryan C. Behrens,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 14-cv-0838 (APM) |
| **United States Attorney,** | ) | |
| **District of Nebraska,** | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In this case brought under the Freedom of Information Act, before the court is Defendant's Supplemental Motion for Summary Judgment. ECF No. 22. For the reasons discussed below, Defendant's Motion is denied without prejudice.[1]

### I. BACKGROUND

According to Plaintiff's Complaint, "[o]n July 28, 2008 in the [United States District Court for the] District of Nebraska, Omaha, Chief Judge Laurie Smith Camp[] issued a judgment as to . . . Bryan S. Behrens in case 8:09CV13," which, among other things, "ordered that no judicial proceedings of any kind[,] civil or criminal, may be commenced against Bryan S. Behrens without leave first being granted by the Court." Complaint, ECF No. 1 [hereinafter Compl.], at 3 (page numbers designated by ECF); *see generally id.*, Apps. 5-6 (respectively, Judgment as to Defendants and Appointment of Receiver, *Sec. & Exch. Comm'n v. Behrens*, No. 8:08CV13

---

[1] Plaintiff correctly notes that Defendant filed its motion on September 28, 2015, two days after its September 26, 2015, deadline, without requesting leave to file from the court. *See* Pl.'s Mem. in Opp'n/Objection to Def.'s Supplemental Mot. for Summ. J., ECF No. 32, at 3. Rather than penalizing Defendant for its untimely filing, the court opts to resolve this matter on the merits. Plaintiff's request to deny Defendant's motion as untimely is denied.

(D. Neb. July 28, 2008), and Memorandum and Order, No. 8:08CV13 (D. Neb. Mar. 24, 2009)). Plaintiff contends that Judge Smith Camp's order required the United States Attorney's Office for the District of Nebraska ("USAO-Nebraska") to obtain leave of court before it commenced criminal proceedings against him, *see* Compl. at 3-4, and that without leave of court, "there [sh]ould [have been] no indictment or judgment entered against [him]," *id*. at 4.  Apparently, without ever learning whether Judge Smith Camp authorized his prosecution, plaintiff pled guilty to one count of securities fraud, *see* Compl., App. 8 (Judgment in a Criminal Case, *United States v. Behrens*, No. 8:09CR129-001 (D. Neb. Nov. 3, 2010)) at 1, and served a prison sentence.

Plaintiff brought this action under the Freedom of Information Act ("FOIA"). *See* 5 U.S.C. § 552.  His claim arises out of a request for information submitted to the Executive Office for United States Attorneys ("EOUSA") in August 2013.  In relevant part, the request reads:

> I need a copy of the Court order that allowed the Nebraska US Attorney['s] Office to conduct criminal proceedings and issue the indictment.  If the Nebraska US Attorney['s] office did not receive a Court order from Judge Smith Camp, granting leave to proceed as required, Behrens is asking for an admission that the US Attorney['s] office in Nebraska violated the orders issued by Judge Smith Camp when they issued the indictment and commenced legal proceedings against me.

Compl., App. 1 (Letter to Office of the Attorney General from plaintiff dated August 29, 2013) at 3; *see id*., App. 2 (Letter to FOIA/Privacy Staff, EOUSA, from plaintiff dated November 6, 2013). Attached to the request were copies of orders issued by Judge Smith Camp on July 28, 2008, and March 24, 2009, in Civil Case No. 8:08CV13.  Plaintiff explained that he had "been unable to obtain the Court order . . . between July 28, 2008 [and] April 21, 2009, [the day before the indictment was issued,] that gave the [USAO-Nebraska] leave of the court" to issue the indictment beginning the "criminal proceeding[s] that have resulted in [his] incarceration." *Id*., App. 1 at 2.

By letter dated September 19, 2014, the EOUSA advised Plaintiff that the USAO-Nebraska had located no responsive records.  Errata [ECF No. 20], Ex. C (Letter to Plaintiff from Susan B.

Gerson, Assistant Director, Freedom of Information & Privacy Staff, EOUSA, dated Sept. 19, 2014 regarding Request No. FOIA-2014-00549). Plaintiff's Complaint asserts that, because the EOUSA failed to "respond to [his] repeated . . . FOIA requests, it must now be deemed true by this Court that the United States Attorney[']s Office never was granted leave . . . from Chief Judge Smith Camp[] [which would have] legally authoriz[ed] the commencement of the judicial proceedings that allowed a grand jury to be convened and [an] indictment issued and subsequent judgment entered against [him]." Compl. at 4.[2]

Defendant initially filed a motion for summary judgment on September 19, 2014, asserting that its search had not yielded any responsive records. Def.'s Mot. for Summ. J., ECF No. 14-1, at 5-8. The court denied that motion because Defendant did not submit an affidavit or declaration supporting that assertion. Mem. Op., ECF No. 21, at 3-4. In particular, Defendant did not explain, as required under D.C. Circuit precedent, "the procedures it used to identify the locations where the requested court order might be found and the method used to search those locations." *Id.* at 3 (citing *Weisberg v. DOJ*, 627 F.2d 365 (D.C. Cir. 1980)). The court granted Defendant an opportunity to "file a renewed motion for summary judgment with a sufficiently detailed supporting affidavit or declaration." *Id.* at 4. Defendant's renewed motion is now before the court.

---

[2] This civil action proceeds as one under the FOIA, and the court's authority is limited to "order[ing] the production of any agency records improperly withheld from the [plaintiff]." 5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). This Court, therefore, cannot consider plaintiff's claims "that the United States Attorney[']s Office lacked the legal authority to have commenced the criminal proceedings against [him];" that he was "illegally detained on a judgment that was clearly obtained in direct violation of a Federal Court Order;" or that he is entitled to "immediate release from Federal Custody." Compl. at 5. Claims of this nature properly are raised in the sentencing court by motion under 28 U.S.C. § 2255, as Plaintiff already has done. *See* Def.'s Mot. for Summ. J., Ex. A (Memorandum Opinion, *United States v. Behrens*, No. 8:09CR129 (D. Neb. Nov. 7, 2013)). Nor can this court enforce the orders issued by Judge Smith Camp on July 28, 2008, and March 24, 2009, which, according to Plaintiff, enjoined the filing of a criminal indictment absent leave of court. Accordingly, Plaintiff's "Motion for Registration of Court Order Issued in [A]nother District and Enforcement Proceedings," ECF No. 33, and his request for an order withdrawing the indictment with prejudice in his criminal case, are denied.

## II.     DISCUSSION

### A.     Legal Standard

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009).  The court grants summary judgment to an agency as the movant if the agency shows that there is no genuine dispute as to any material fact and if the agency is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).  "When, as here, an agency's search is questioned, the agency is entitled to summary judgment upon a showing, through declarations that explain in reasonable detail and in a nonconclusory fashion the scope and method of the search, that it conducted a search likely to locate all responsive records." *Brestle v. Lappin*, 950 F. Supp. 2d 174, 179 (D.D.C. 2013) (citing *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982)).

### B.     The EOUSA's Search for Responsive Records

An agency "fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (citations and internal quotation marks omitted).  To this end, it may submit affidavits or declarations to explain the method and scope of its search.  *See Perry*, 684 F.2d at 126.  Such affidavits or declarations are "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks and citation omitted).  "[A] search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request." *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986).

Following receipt of Plaintiff's FOIA request, the EOUSA referred the request to the USAO-Nebraska and directed it to search for "the specific records sought by [Plaintiff]." Def.'s Supplemental Mot. for Summ. J. [ECF No. 22] ("Def.'s Mot."), Decl. of Rebecca K. Lesser ("Lesser Decl.") ¶ 3. According to Defendant's declarant—Rebecca K. Lesser, a paralegal specialist in the USAO-Nebraska—the EOUSA "sought an order issued in Civil Case Number 8:08CV13 in the United States District Court for the District of Nebraska granting leave to issue the indictment and conduct criminal proceedings against Bryan Behrens." Lesser Decl. ¶ 4. She understood the request to "identif[y] the requested court order as one issued in Civil Case Number 8:08CV13 by Judge Smith Camp between July 28, 2008, [and] April 21, 2009." *Id*.

Lesser explains in her declaration that she searched USAO-Nebraska files using "a computerized docketing/case management system known as the Legal Information Office Network System (hereafter LIONS)." *Id*. ¶ 5. The system "tracks cases or matters for [all United States Attorney's Offices]." *Id*. "Whenever an office file on a new matter or new case is opened, the docketing section . . . enter[s] applicable information into the LIONS computer system and assign[s] the case or matter a[n] identification number for use as an internal tracking number[.]" *Id*. "The information entered into the computer is based on a series of individual records which are linked together, or related, in a logical order," and the records include "the names of the parties, the names of any related cases, the name of the Assistant United States Attorney assigned to the case, the Court assigned to the case, and the current stage of the case." *Id*. Thus, LIONS "allows the user to search all [United States Attorney's Office] matters for a specific name." *Id*. ¶ 6. In addition, LIONS "is capable of cross-referencing other related cases if such related case information is entered into the system." *Id*.

5

On January 14, 2014, Lesser searched LIONS "for all cases relating to Bryan Behrens," and her search located "no case . . . relating to Bryan Behrens associated with District Court Case Number 8:08CV13." *Id*. ¶ 8. However, the "search revealed . . . the existence of a criminal case with a USAO Number 2008R00023, and bearing District Court Case Number 8:09CR129 that was assigned to United States District Judge Lyle E. Strom" for the District of Nebraska. *Id*. Lesser then "checked the LexisNexis CourtLink database for Civil Case Number 8:08CV13," located a docket sheet for this case, and found Plaintiff's name among the defendants. *Id*. ¶ 9. She determined that the Securities and Exchange Commission had filed Civil Case Number 8:08CV13 in the United States District Court for the District of Nebraska by counsel located in Washington, D.C. *Id*. ¶ 10. The declarant concluded that the USAO-Nebraska was not involved and therefore the office "had no records associated with that case." *Id*. At that point, Lesser suspended her search, *id*. ¶ 11, and she submitted a "no records" response, *id*. ¶ 14.

Plaintiff argues that the EOUSA "did not make a good faith effort" using methods designed to locate responsive records. Pl.'s Mem. in Opp'n/Objection to Def.'s Supplemental Mot. for Summ. J., ECF No. 32 [hereinafter Pl.'s Opp'n], at 9. According to Plaintiff, the declarant's "search indicated that there was no case in LIONS associated with District Court case Number 8:08CV13," *id*. at 6, and there was "no civil case number 8:08CV13 in which Bryan S. Behrens is a litigant," *id*. at 10. He asserts that the declarant "is trying to [mislead] this Court" because the existence of Civil Case No. 8:08CV13 in the United States District Court for the District of Nebraska is a matter of public record and its docket clearly lists Plaintiff as a named defendant. *Id*. "[I]f a search [had been] properly conducted," Plaintiff contends, it would have revealed that "the USAO-Nebraska office was clearly aware of the existence of Case 8:08CV13 in which Bryan Behrens is a named defendant." *Id*. at 11. He deems the EOUSA's response as a "sign of bad

faith on behalf of the Defendant in hopes of creating some distance between the criminal case and the civil case[.]" *Id*. Furthermore, Plaintiff faults the EOUSA for its alleged "fail[ure] to identify the locations where the requested court order might be found." *Id*. at 14.

The court finds that Defendant's response to Plaintiff's FOIA request falls short for two reasons. First, Defendant failed "to construe [Plaintiff's] FOIA request liberally." *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995) (citing *Truitt v. Dep't of State*, 897 F.2d 540, 544-45 (D.C. Cir. 1990)). Second, Defendant failed to search the records in its possession where "responsive records are likely to be located." *Oglesby v. Dep't of Defense*, 920 F.2d 57, 68 (D.C. Cir. 1990).

Plaintiff's theory as to the purported existence of an order from Judge Smith Camp authorizing his prosecution is straightforward. He contends that Judge Smith Camp's orders in *Sec. & Exch. Comm'n v. Behrens*, No. 8:08CV13 (the "SEC Case"), required the U.S. Attorney's Office to obtain a court order before proceeding with a criminal case against him. Because the U.S. Attorney's Office prosecuted him, Plaintiff presumes that there must exist an order from Judge Smith Camp authorizing his prosecution.

Maybe such order exists; maybe it doesn't. But Defendant did not search all likely locations for such a record. Most notably, it did not search the criminal case file involving the charges for which Plaintiff was convicted. Defendant's assumption that an order from Judge Smith Camp might be located only in the *civil* case file of the SEC Case—which it does not possess—is misguided. If the order Plaintiff seeks actually exists, it is reasonable to believe that it could be found among the *criminal* records maintained by USAO-Nebraska pertaining to the case against him. After all, if there is an order authorizing prosecution, it stands to reason that a copy of it would exist within the prosecution's case file. By failing to search that case file, which

it admittedly possesses, Defendant failed to carry out its obligation to search those records "that are likely to turn up the information requested." *Oglesby*, 920 F.2d at 68.

## III.  CONCLUSION AND ORDER

For the foregoing reasons, Defendant's Supplemental Motion for Summary Judgment is denied without prejudice.  Defendant is ordered to search for the sought-after order in the criminal case files relating to Plaintiff in its possession.  Defendant may thereafter renew its motion for summary judgment.  Defendant shall file its renewed motion for summary judgment within 30 days of this date or file a status report detailing its search efforts.

It is further ordered that Plaintiff's Motion for Registration of Court Order Issued in [A]nother District and Enforcement Proceedings is denied.

Dated:  April 22, 2016

Amit P. Mehta
United States District Judge