**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
**Bryan C. Behrens,**                                )
                                                    )
          **Plaintiff,**                             )
                                                    )
          **v.**                                     )          **Case No. 14-cv-00838 (APM)**
                                                    )
**United States Attorney,**                          )
**District of Nebraska,**                            )
                                                    )
          **Defendant.**                             )
_____ )

**MEMORANDUM OPINION**

This matter is before the court on Defendant United States Attorney's Office for the District

of Nebraska's Second Supplemental Motion for Summary Judgment.  Def.'s Second Supp. Mot.

for Summ. J., ECF No. 36.  For the reasons discussed below, the Motion is granted.

**I.      BACKGROUND**

Plaintiff Bryan C. Behrens, proceeding pro se, alleges that, "[o]n July 28, 2008[,] in the

[United States District Court for the] District of Nebraska, Omaha, Chief Judge Laurie Smith

Camp[] issued a judgment as to . . . Bryan S. Behrens in case 8:08CV13," which, among other

things, "ordered that no judicial proceedings of any kind[,] civil or criminal, may be commenced

against Bryan S. Behrens without leave first being granted by the Court."  Compl., ECF No. 1

[hereinafter Compl.], at 3.[1]  Plaintiff asserts that Judge Smith Camp's order required the United

States Attorney's Office for the District of Nebraska ("USAO-Nebraska") to obtain leave of court

before it commenced criminal proceedings against him, *see id.* at 3–4, and that without leave of

_____

[1] All docket entry page numbers refer to those designated by ECF.

court, "there [sh]ould [have been] no indictment or judgment entered against [him]," *see id.* at 4.

Nevertheless, Plaintiff states, the USAO-Nebraska convened a grand jury, which returned an

indictment on April 22, 2009. *Id.* at 3. Plaintiff ultimately pleaded guilty to one count of securities

fraud. *See* Compl., Appendix, ECF No. 1-1 [hereinafter Compl. App'x], at 44.

Plaintiff brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552. His claim arises from a request for information submitted to the Executive Office for United

States Attorneys ("EOUSA") in August 2013. In relevant part, the request read:

> I need a copy of the Court order that allowed the Nebraska US
> Attorney[']s Office to conduct criminal proceedings and issue the
> indictment. If the Nebraska US Attorney[']s office did not receive
> a Court order from Judge Smith Camp, granting leave to proceed as
> required, Behrens is asking for an admission that the US
> Attorney[']s office in Nebraska violated the orders issued by Judge
> Smith Camp when they issued the indictment and commenced legal
> proceedings against me.

Compl. App'x at 3. Attached to the request were copies of orders issued by Judge Smith Camp

on July 28, 2008, and March 24, 2009, in civil matter 8:08CV13. *See id.* at 5–14. Plaintiff repeated

his request in early November 2013, *see id.* at 15–18, and, in September 2014, the EOUSA

responded that the USAO-Nebraska had located no responsive records, Errata, ECF No. 20, Ex.

C, ECF No. 20-3.

In its first motion for summary judgment, Defendant asserted that its search had not yielded

any responsive records. *See* Def.'s Mot. for Summ. J., ECF No. 14, Mem. in Supp., ECF No. 14-

1, at 6–7. The court denied that motion because Defendant had failed to submit a supporting

affidavit or declaration. Mem. Op. & Order, ECF No. 21 [hereinafter Mem. Op. II], at 3–4.

Defendant's second motion for summary judgment was no more successful. Again, Defendant

argued that it had conducted a search for responsive records and located none. *See* Def.'s Supp.

Mot. for Summ. J., ECF No. 22 [hereinafter Def.'s Supp. Mot.]. The court deemed Defendant's

search inadequate because Defendant had limited its search to records pertaining only to Plaintiff's civil case and had not searched his criminal case file.  Mem. Op. & Order, ECF No. 35, at 6–8.

The court now turns to Defendant's third motion for summary judgment.  *See* Def.'s Second Supp. Mot. for Summ. J, ECF No. 36 [hereinafter Def.'s Second Supp. Mot.].

## II.      DISCUSSION

### A.      Legal Standard

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009).  The court grants summary judgment to an agency as the movant if the agency shows that there is no genuine dispute as to any material fact and the agency is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).  "When, as here, an agency's search is questioned, the agency is entitled to summary judgment upon a showing, through declarations that explain in reasonable detail and in a nonconclusory fashion the scope and method of the search, that it conducted a search likely to locate all responsive records." *Brestle v. Lappin*, 950 F. Supp. 2d 174, 179 (D.D.C. 2013) (citing *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982) (per curiam)).

### B.      The EOUSA's Searches for Responsive Records

An agency "fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (internal quotation marks omitted).  To this end, it may submit affidavits to explain the method and scope of its search. *See Perry*, 684 F.2d at 126.  "[A] search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request." *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986).

Following this court's second denial of summary judgment, the Chief of the Civil Division for the USAO-Nebraska, Robert Homan, directed both Rebecca K. Lesser, a Paralegal Specialist, and the AUSA assigned to Plaintiff's case, Russell X. Mayer, to search for the purported order issued by Judge Smith Camp within "Plaintiff's criminal case files maintained in the USAO-Nebraska."  Def.'s Second Supp. Mot., Ex. A., ECF No. 36-1 [hereinafter Homan Decl.], ¶ 4. Lesser "searched through Plaintiff's criminal case files with USAO Number 2008R00023, and bearing District Court Case Number 8:09CR129 . . . , maintained in the USAO-Nebraska for all records pertaining to Plaintiff's Civil Case Number 8:08CV13."  Def.'s Second Supp. Mot., Ex. B., ECF No. 36-2, ¶ 4.  Specifically, she searched for an "order granting leave to issue the indictment and conduct criminal proceedings against Bryan Behrens," but found no such order. *Id.* ¶¶ 4–5.  AUSA Mayer likewise found no such order.  *See* Homan Decl. ¶ 4.

Notwithstanding Defendant's compliance with this court's prior orders, Plaintiff maintains that "Defendant has failed to meet its burden and provide a copy of the Court order."  Pl.'s Objection, ECF No. 41 [hereinafter Pl.'s Opp'n], at 20.  He attacks Ms. Lesser's declaration as "not being truthful to this Court," based on documents in his possession and those filed in the criminal case.  Specifically, Plaintiff points to correspondence and court filings tending to show that "Defendant clearly had intensive knowledge" of the civil case against him.  *Id.* at 17.  For example, Plaintiff relies on a copy of correspondence "from Joe Stecher, United States Attorney [for the District of Nebraska], addressed to the Securities and Exchange Commission requesting access to the investigative and other non-public files" relating to the SEC's civil case against Plaintiff.  *See id.* at 18, 55.  Based on this evidence, Plaintiff contends "that the USAO-Nebraska has not completed a complete search of the criminal file and has provided contradictory evidence as to its knowledge of the Civil proceeding."  *Id.* at 20.  He further suggests that the USAO-

Nebraska knew or should have known of the requirement that Judge Smith Camp grant leave of court before criminal proceedings could begin.  Plaintiff asserts that "[w]hat is absent from the Defendant[']s filing is a declaration under oath made by AUSA . . . Russell X.  Mayer stating [sic] that he did not seek prior approval from the order issued by Judge Smith Camp presiding over proceeding 8:08CV13 prior to the commencement of a criminal proceeding against Behrens."  *Id.* at 21.

Plaintiff misunderstands the limits of an agency's obligations under the FOIA.  The EOUSA "must make 'a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested.'"  *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995) (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).  There is no guarantee that the results of a search will meet a requester's expectations.  "Rather, the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search."  *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003).  So long as the agency demonstrates that its efforts were reasonably calculated to locate responsive records, the fact that it found none does not render the search inadequate.  *See id.* ("[I]t is long settled that the failure of an agency to turn up one specific document in its search does not alone render a search inadequate."); *Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 391 (D.C. Cir. 2007).

Additionally, Defendant is not obligated to produce a declaration from AUSA Mayer to serve as "an admission that the [USAO-Nebraska] violated the orders issued by Judge Smith Camp when [it] issued the indictment and commenced legal proceedings against [Plaintiff]."  Compl. App'x at 3.  As the court previously advised Plaintiff, this proceeding cannot be used as a means

of collaterally attacking his conviction. *See* Mem. Op. II at 3 n.2. The sole question before this court is whether Defendant has complied with its search obligation under FOIA. It clearly has done so. Defendant has produced declarations stating that it has searched both its civil and criminal case files pertaining to Plaintiff and, despite its best efforts, it did not locate the order sought by Plaintiff. Those declarations are entitled to a presumption of good faith, *see Mobley v. CIA*, 806 F.3d 568, 581 (D.C. Cir. 2015), and Plaintiff has offered nothing but speculation to overcome it. Speculation alone cannot defeat Defendant's motion for summary judgment. *See, e.g.*, *Judicial Watch, Inc. v. U.S. Dep't of Health and Human Servs.*, 27 F. Supp. 2d 240, 244 (D.D.C. 1998) (concluding that "plaintiff's speculation as to the trustworthiness of the Clinton administration and [the agency's] failure to release documents that plaintiff apparently expected to be released is insufficient as a matter of law to defeat defendant's motion for summary judgment as to the adequacy of the FOIA search").

## III.    CONCLUSION

For the foregoing reasons, the court grants Defendant's Second Supplemental Motion for Summary Judgment. A separate order accompanies this Memorandum Opinion.

Dated: December 21, 2016                                   Amit P. Mehta
                                                          United States District Judge